# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Personal Restraint Petition of:<br><br>CHRISTOPHER ALLAN ALLRED,<br><br>                     Petitioner. | No. 54054-1-II<br><br><br>UNPUBLISHED OPINION |

MELNICK, J. — Christopher Allred seeks relief from personal restraint imposed as a result of his 2016 convictions for one count of rape in the second degree, two counts of incest in the first degree, and one count of incest in the second degree. In this timely personal restraint petition, he argues that: (1) he received ineffective assistance of trial counsel by (a) not calling his wife as a defense witness, (b) not calling his brother to testify to his similar neurological condition, (c) not calling his son and business and community partners as reputation witnesses, (d) not introducing his medical records of his neurological condition and sexual dysfunction, and (e) not investigating why Detective Monica Hernandez did not see e-mails that Allred sent to Detective Robin Ternus during the investigation; (2) governmental misconduct through (a) Ternus concealing the e-mails from Allred, (b) the State misstating the evidence during opening statement, and (c) the State presenting perjured testimony from the victim; (3) he was convicted on false statements and testimony from the victim; (4) the jury was biased against him; and (5) his trial counsel did not engage in adversarial testing of the State's evidence.

We addressed issues (1)(a), (2)(b), (3) and (5) in Allred's direct appeal, *State v. Allred*, No. 49375-6-II (Wash. Ct. App. July 10, 2018) (unpublished), http://www.courts.wa.gov/opinions/, *review denied*, 191 Wn.2d 1024 (2018). Unless he shows that the interests of justice require it, he cannot raise these issues again in this petition. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835 (1994). He makes no such showing. While he argues that this court's decision was incorrect, the Supreme Court denied his petition for review of that decision.

As to the remainder of issue (1), the following legal principles apply. To establish ineffective assistance of counsel, Allred must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness under the circumstances and he was prejudiced as a result of his counsel's performance. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We strongly presume that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011).

Allred does not demonstrate that not calling his brother to testify about having a similar neurological condition was deficient performance because he does not show that such testimony would have been relevant or admissible. Similarly, he does not demonstrate that not calling his son, business partners and community partners as reputation witnesses was deficient performance because he does not show that such testimony would have been relevant or admissible. He does not demonstrate how not introducing additional medical records was deficient performance, because evidence of Allred's claims of sexual dysfunction had been presented to the jury. Lastly, he does not demonstrate how an investigation into why Detective Hernandez did not see Allred's emails probably would have changed the result of the case against him. In sum, Allred does not demonstrate that he received ineffective assistance of counsel.

As to the remainder of issue (2), Allred does not demonstrate that Ternus willfully concealed Allred's e-mails from Hernandez or that the victim perjured herself; therefore, he does not demonstrate any prosecutorial misconduct.

As to issue (4), Allred does not present any evidence that the jury was biased against him.

Allred does not show any grounds for relief from personal restraint. We therefore deny his petition and his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Maxa, P.J.

_____
Glasgow, J.